

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# J&S Dev Corp v. Montrose Global

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"J&S Dev Corp v. Montrose Global" (2008). *2008 Decisions.* Paper 1184.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

-----

Nos. 06-3800/4635/4636/4637/4919

-----

J&S DEVELOPMENT CORPORATION;
BRADFORD WELDING & TRUCK EQUIPMENT, INC.

v.

MONTROSE GLOBAL ASSETS, INC.;
ST. CROIX RENAISSANCE GROUP INC.

St. Croix Renaissance Group, LLP,

Appellant in 06-3800/4636/4637

(Division of St. Croix No. 06-cv-00094)

and

MONTROSE GLOBAL ASSETS, INC.;
ST. CROIX RENAISSANCE GROUP, LLP.

Montrose Global Assets, Inc.

Appellant in 06-4635 and 4919

-----

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
(District Court No. 06-cv-00094)
Chief District Judge: Hon. Raymond L. Finch

-----

Argued on December 10, 2007


Before:  SMITH, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 21, 2008)

Joseph B. Arellano, Esquire **(Argued)**
Campbell, Arellano & Rich
4 A & B Kongens Gade
P. O. Box 11899
Charlotte Amalie, St. Thomas
USVI   00801

      Counsel for Appellee J & S Development Corporation



Joseph P. Klock, Jr. Esquire **(Argued)**
JuanCarlos Antorcha, Esquire
Epstein, Becker & Green, P. C.
200 South Biscayne Boulevard
Suite 4300, Wachovia Financial Building
Miami, FL   33131

Joel H. Holt, Esquire
Law Offices of Joel H. Holt
2132 Company Street, Suite 2
Christiansted, St. Croix
USVI,   00820

      Counsel for Appellant St. Croix Renaissance Group, LLLP

Francis J. D'Eramo
Nichols, Newman, Logan & D'Eramo
1131 King Street, Suite 204
Christiansted, St. Croix
USVI, 00820

        Counsel for Appellant St. Croix Renaissance Group, LLP


Kenneth A. Novikoff, Esquire
Rivkin Radler, LLP
Christiansted, St. Croix
USVI, 00820

Warren B. Cole, Esquire
Hunter, Cole & Bennett
1138 King Street, Suite 301
Christiansted, St. Croix
USVI, 00820

        Counsel for Appellant Montrose Global Assets

---

O P I N I O N

---

**ROTH**, <u>Circuit Judge</u>:

St. Croix Renaissance Group, LLP (SCRG) appeals the imposition of a "Preservation of Evidence" Order (Preservation Order) that they claim constituted a preliminary injunction. The Preservation Order does appear to be an invalid preliminary injunction. At this point, however, the Preservation Order has accomplished its intended purpose.

3

## I. BACKGROUND

Because we write primarily for the parties, we will only briefly revisit the facts here. The Preservation Order was issued in a suit concerning the dismantling of an aluminum processing plant located on property owned by SCRG. J & S Development Corporation and their co-plaintiff, Bradford Welding & Truck Equipment, Inc. (J & S), claim that they were retained to conduct the dismantling and that SCRG then reneged on the deal. The damages created by the alleged breach of contract depend on the value of the scrap metal that could be recovered from the plant.

J & S filed a complaint for damages against SCRG on July 18, 2006. On July 26, 2006, the District Court issued the Preservation Order requiring that an inventory be performed of the former aluminum plant that was the subject of the lawsuit and requiring that no dismantling, modification, demolition or removal of any structures within the plant be conducted until the inventory was completed.

SCRG sought an emergency stay of the Preservation Order in this Court. We granted the motion on November 3, 2006, and ordered the matter remanded to the Magistrate Judge to oversee the completion of the inventory within thirty days. The parties had a conference with the Magistrate Judge on November 9 at which they agreed on the company to perform the inventory and on a splitting of the costs of the inventory. The Magistrate Judge issued an order confirming this arrangement on November 13. SCRG did not contest the Magistrate Judge's order, and the inventory was timely completed. SCRG continues to pursue this

4

appeal of the grant of the Preservation Order, arguing that it is an improper injunction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291(a)(1) because we find that the Preservation Order was an injunction, albeit an improperly constituted one.[1]

## II. **DISCUSSION**

The central question in this case is whether the Preservation Order was an injunction. The rule in the Third Circuit is that an order is an injunction if it is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion. *Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n. 9 (3d Cir.1989) (en banc); see also *Saudi Basic Industries Corp. v. Exxon Corp.*, 364 F.3d 106, 110 (3d Cir. 2004).

The Preliminary Order was directed at a party and enforceable (and in fact enforced) by contempt. It was aimed at preserving the plaintiffs' ability to calculate damages, the central component of the relief sought. Its open-ended nature made it more than temporary. Accordingly, the Preliminary Order was in fact intended to be an injunction.

In order to have been properly issued as an injunction, however, the Preservation Order would have to have certain infirmities remedied. Most notably, no security was given as is required by Rule 65(c) of the Federal Rules of Civil Procedure ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security

---

[1]If the Preservation Order had been merely a non-injunctive evidence preservation order, then it would not be eligible for interlocutory appeal.

in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained").

Nevertheless, we conclude that there is no need to cure the deficiencies because the Preservation Order is no longer in effect on its own terms as the inventory it required has been completed. Moreover, because the taking of the inventory has been completed, we will vacate the Orders of the District Court of September 8, 2006 (two orders), and of October 23, 2006, because these orders are no longer necessary to accomplish the taking of the inventory. In particular, we will vacate the sanctions imposed by these orders.

## III. CONCLUSION

For the foregoing reasons, we will vacate the Preservation Order of July 26, 2006, and the Orders of September 8 and October 23, 2006, and remand this case to the District Court for further proceedings.